**IN THE UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND DIVISION**

| | | |
|---|---|---|
| _____ | § | |
| **In re:** | § | **(CASE NO. 15-70094-rbk)** |
| | § | |
| **RREAF O&G PORTFOLIO # 2 LLC, *et al.*;[1]** | § | **(Chapter 11)** |
| | § | |
| Debtors. | § | **Jointly Administered** |
| _____ | § | |

**MOTION OF SPECTRUM ORIGINATION LLC FOR DECLARATION THAT**
**DEBTOR RREAF PORTFOLIO #3 LLC IS A SINGLE ASSET REAL ESTATE ENTITY**

NOW COMES Spectrum Origination LLC ("Spectrum"), as the holder of the first priority security interest in substantially all assets of RREAF O&G Portfolio #3 (the "Debtor"), and moves this Court to enter an Order finding that the Debtor is a Single Asset Real Estate entity within the meaning of 11 U.S.C. § 101(51B). In support of this Motion, Spectrum respectfully shows the Court as follows:

**BACKGROUND**

1.     On July 8, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2.     The Debtor was formed on September 16, 2014.

---

[1] The Debtors and the last four digits of their tax identification numbers are RREAF O&G Portfolio #2 LLC (7815), RREAF O&G Portfolio #2 Manager LLC (9297), RREAF O&G Portfolio #3 LLC. (8084), and RREAF O&G Portfolio #3 Manager LLC (1741).

3.      On November 21, 2014, Spectrum loaned the Debtor $5,200,000 to permit the Debtor to acquire a hotel property located in in Midland, Texas (the "Property" or the "Hotel"). To secure its obligations to Spectrum, the Debtor granted Spectrum a first priority lien on and security interests in the Property.

4.      On November 21, 2014, the Debtor entered into a  Management Agreement (the "Management Agreement") with Channel Point Hospitality LLC ("the "Manager"), an unrelated, third party management company, pursuant to which the Manager agreed to operate the Hotel. A true and correct copy of the Management Agreement is attached hereto as **Exhibit A**.

## ARGUMENT

5.      The Debtor is a "single asset real estate" entity within the definition of 11 U.S.C. § 101(51B), which provides that the term "single asset real estate" means "real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of the debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto."

6.      Under applicable Fifth Circuit authority, to qualify as "single asset real estate," (a) the property must constitute a single property or project, (b) the property must generate substantially all of the income of the debtor, and (c) the debtor must not be involved in any substantial business other than the operation of its real property and the activities incidental thereto. *In re Scotia Pac. Co., LLC*, 508 F.3d 214, 220 (5th Cir. 2007).

2

7.  The Hotel is a single property or project.  The Debtor owns no property other than the Hotel and pursuant to its organizational documents, is not permitted to own any property other than the Hotel. The <u>Limited Liability Company Agreement of RREAF O&G Portfolio #3 LLC</u> ("<u>LLC Agreement</u>") provides in Paragraph 7(a):

The business and purpose to be conducted or promoted by the Company is to engage solely in the following activities:

(i)  To acquire, own hold, lease, operate, manage, maintain, develop and improve, the . . . Property;

(ii)  To enter into and perform its obligations under the Loan Documents;

(iii)  To sell, transfer, service, convey, dispose of, pledge, assign, borrow money against, finance, refinance or otherwise deal with the Property to the extent permitted under the Loan Documents; and

(iv)  Subject to Section 9(j) of this Agreement, to engage in any other lawful act or activity and to exercise any powers permitted to limited liability companies organized under the laws of the State of Delaware that are related or incidental to and necessary, convenient or advisable for the accomplishment of the above-mentioned purposes.

A true and correct copy of the LLC Agreement is attached hereto as **Exhibit B**.

8.  The Property generates substantially all of the gross income of the Debtor.

9.  The Debtor is not involved in any substantial business other than the operation of the Hotel and the activities incidental thereto. In this case, the Debtor owns but does not operate the Hotel.  Pursuant to the terms of the Management Agreement, the Hotel is operated by the Manager.  The Management Agreement provides that:

- The Debtor has engaged Manager to operate and manage the Hotel (¶ 2);

- Hotel operations shall be under the exclusive supervision and control of Manager (¶ 2);

3

- Manager has discretion and control over matters relating to the management and operation of the Hotel, including charges for rooms, credit policies, procurement of inventories and supplies, promotion, publicity and disbursement of funds (¶ 2);

- All employees that work in the Hotel are employees of Manager or its affiliate (¶ 4.2);

- Manager is responsible for legal proceedings of a "non-extraordinary" nature and may institute and defend such proceedings (¶ 4.3);

- Manager may contract for certain repairs, capital improvements, and furniture, fixtures, and equipment without Owner approval (¶ 4.5); and

- Manager is responsible for maintaining insurance on the Property (¶ 12).

10.     Courts have found that hotel owners that are parties to similar management agreements qualify as single asset real estate entities. *See In re Euro-Am. Lodging Corp.*, 357 B.R. 700, 708 (Bankr. S.D.N.Y. 2007) (characterizing debtor-hotel owner as single asset real estate entity where debtor built the hotel to operate it as a franchisee of a hotel chain and the responsibility for operation of the hotel was vested in the manager); *see also In re Mount Olive Hospitality, LLC*, No. 12-32781/JHW, 2014 WL 2040769, at *1 (Bankr. D.N.J. May 16, 2014) (finding that the debtor was a single asset real estate entity where the operations of the debtor's hotels were conducted by a management company who employed the hotel employees and had a lease for the use of the debtor's premises).

11.     In *In re Pioneer Austin E. Dev. I, Ltd.*, No. BKR. 10-30177-HDH-11, 2010 WL 2671732, at *2 (Bankr. N.D. Tex. July 1, 2010), the Bankruptcy Court for the Northern District of Texas observed that "[a]n absence of active business operations with only passive and truly

4

incidental activities such as the mere receipt of rent will render the property single asset real estate."

12.     The business operations of the Debtor fall squarely within the *Pioneer* court's description. Pursuant to the Management Agreement, the operations of the Hotel are within the exclusive control of the Manager.  The Debtor's only significant involvement with the operation of the Property involves its passive receipt of the funds placed into the operating account by the Manager.

13.     Each of the three elements for a single asset real estate designation are satisfied. That is, the Property constitutes a single property, which generates substantially all of the Debtor's income, and the Debtor conducts no substantial business other than operating the Property.

WHEREFORE, Spectrum requests that this Court enter an order substantially in the form attached hereto as **<u>Exhibit C</u>**:

(a)     granting this Motion;

(b)     finding that the Debtor is a "single asset real estate" entity, as that term is  defined under 11 U.S.C. § 101(51B); and

(c)     granting Spectrum such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 17th day of July, 2015.

**KING & SPALDING LLP**

5

By: /s/ Sarah R. Borders

King & Spalding LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: 404-572-3596
Fax: 404-572-5131
sborders@kslaw.com

-and-

Edward Ripley
Texas Bar No. 16935950
eripley@kslaw.com
1100 Louisiana, Suite 4000
Houston, Texas 77002
Telephone: 713-276-7351
Fax: 713-751-3290

-and-

Jeffrey R. Dutson
1180 Peachtree Street NE
Atlanta, Georgia 30309
Telephone: 404-572-2803
Fax: 404-572-5131
jdutson@kslaw.com


**ATTORNEYS FOR SPECTRUM
ORIGINATION LLC**

6

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing has been served electronically through the Clerk's Office ECF noticing facilities upon the parties eligible to receive notice on this 17th day of July, 2015.

*/s/ Sarah R. Borders*
Sarah R. Borders

7

26144406.5